IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RAY M. HARRISON**,
Individually and behalf of all
others similarly situated,

      Plaintiff,

v.

**FLAGSTAR BANK FSB**,

      Defendant.

Case No: 09-cv-12687

Honorable John Corbett O'Meara
Magistrate Judge Donald A. Scheer

_____/

Richard H. Ebbott (P13085)
Morrissey Bove & Ebbott PC
221 West 5th Street
Flint, MI 48502
Telephone: (810) 238-0455
Fax: (810) 238-0458
Email: mbebbott@sbcglobal.net
*Counsel for Plaintiff*

Michael T. Harrison (CA 158983)
Law Offices of Michael T. Harrison
25876 The Old Road, Suite 304
Stevenson Ranch, CA 91381
Telephone: (661) 257-2854
Fax: (661) 257-3068
Email: mharrison30@aol.com
*Co-Counsel for Plaintiff*

Matthew F. Leitman (P48999)
Miller Canfield Paddock & Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, Michigan 48098
Telephone: (248) 267-3294
Fax: (248) 879-2001
Email: leitman@millercanfield.com
*Counsel for Defendant*

_____/

**DEFENDANT FLAGSTAR BANK'S ANSWER TO CLASS ACTION COMPLAINT**

BHLIB:676435.1\107617-00051

Defendant Flagstar Bank, by its attorneys, Miller Canfield Paddock & Stone, PLC, for its Answer and Affirmative Defenses to Plaintiff's Complaint, says as follows:

## INTRODUCTION

1. Flagstar does not dispute Plaintiff's description of his claims but denies as untrue that it violated the Electronic Funds Transfer Act and/or the Act's implementing regulations.

2. The statute speaks for itself. To the extent that the allegations are inconsistent with the language of the statute, they are denied as untrue.

3. The statute speaks for itself. To the extent that the allegations are inconsistent with the language of the statute, they are denied as untrue.

4. The statute speaks for itself. To the extent that the allegations are inconsistent with the language of the statute, they are denied as untrue.

5. The statute speaks for itself. To the extent that the allegations are inconsistent with the language of the statute, they are denied as untrue.

6. The regulation speaks for itself. To the extent that the allegations are inconsistent with the language of the regulation, they are denied as untrue.

7. The statute and regulation speak for themselves. To the extent that the allegations are inconsistent with the language of the statute and/or the regulation, they are denied as untrue.

8. The statute speaks for itself. To the extent that the allegations are inconsistent with the language of the statute, they are denied as untrue.

## JURISDICTION AND VENUE

9. Flagstar does not contest this Court's subject matter jurisdiction.

10. Flagstar admits only that it operates ATM machines in this judicial district and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11. Flagstar does not contest venue in this Court.

## PARTIES

12. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

13. Admitted.

14. To the extent that the allegations of paragraph 14 call for a legal conclusion, no response by Flagstar is required. Flagstar admits that it operated an ATM machine at 5105 Highland Road in Waterford, Michigan on or about June 27, 2009.

## FACTS RELATED TO PLAINTIFF'S ALLEGATIONS

15. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

16. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

17. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

18. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

19. Flagstar denies the allegations as untrue.

**CLASS ALLEGATIONS**

20. Flagstar does not dispute that Plaintiff purports to bring the action on behalf of a putative class, but Flagstar denies as untrue Plaintiff's claim that this action should proceed as a class action.

21. Flagstar does not dispute that Plaintiff purports to bring the action on behalf of the specified putative class.

22. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning numerosity. Flagstar denies as untrue the allegation that addressing individual claims through a class action would be appropriate, lawful, and/or helpful.

23. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

24. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

25. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

26. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations with the exception of the allegations concerning unlawful and/or willful conduct. Flagstar denies as untrue that it has engaged in any unlawful or willful improper conduct.

27. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

28. Flagstar denies the allegations as untrue.

29. Flagstar denies as untrue that the listed questions of fact and law predominate.

30. Flagstar lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

31. Flagstar denies the allegations as untrue.

### SUBSTANTIVE VIOLATION

32. The statute speaks for itself. To the extent that the allegations are inconsistent with the language of the statute, they are denied as untrue.

33. The statute speaks for itself. To the extent that the allegations are inconsistent with the language of the statute, they are denied as untrue.

34. The statute speaks for itself. To the extent that the allegations are inconsistent with the language of the statute, they are denied as untrue.

35. The regulation speaks for itself. To the extent that the allegations are inconsistent with the language of the regulation, they are denied as untrue.

36. Flagstar denies the allegations as untrue.

37. Flagstar denies the allegations as untrue.

38. The statute speaks for itself. To the extent that the allegations are inconsistent with the language of the statute, they are denied as untrue. In further answer, Flagstar denies as untrue that it violated the Electronic Funds Transfer Act.

39. Flagstar does not dispute Plaintiff's description of his request for relief, but Flagstar denies as untrue that he is entitled to any relief.

### AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim on which relief can be granted.

2. Pursuant to 15 U.S.C. 1693h(d), Plaintiff's claim is barred in whole or in part by the fact that Flagstar posted all required notices in compliance with the Electronic Funds Transfer Act, and if and to the extent that any required notice was not present, was damaged, and/or was altered when Plaintiff claims to have engaged in a transaction at a Flagstar ATM, the absence of the notice was caused by some person other than Flagstar and/or by some other action beyond Flagstar's control.

3. Plaintiff's claims are barred in whole or in part by the facts that if and to the extent that Plaintiff establishes a violation of the Electronic Funds Transfer Act by Flagstar, said violation was not part of a frequent and/or persistent pattern of violations, and any violation was wholly unintentional.

4. Plaintiff's claims are barred in whole or in part on the ground that any violation by Flagstar of the Electronic Funds Transfer Act was unintentional and resulted from a bona fide error notwithstanding Flagstar's maintenance of procedures reasonably adapted to avoid such violations.

5. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate his damages in that Plaintiff had a full and adequate opportunity to avoid incurring the charge he claims to have incurred, but failed to do so.

6. Plaintiff's claims are barred in whole or in part by his assumption of risk in that Plaintiff knowingly and intentionally incurred the fee he claims to have incurred and could have avoided doing so.

7. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel in that Plaintiff had a full and adequate opportunity to avoid incurring the charge he claims to have incurred, but failed to do so.

8. Plaintiff's claims are barred in whole or in part by his inability to show that he relied upon Flagstar's alleged violation of the Electronic Funds Transfer Act and his resultant inability to establish that Flagstar caused him to suffer any damages.

9. Plaintiff's claims are barred in whole or in part by the fact that Flagstar made a good faith effort to install and maintain all required notices and that Flagstar is not responsible for the alleged absence of the required notice at the ATM in question.

WHEREFORE, Flagstar respectfully requests that this Court enter judgment against Plaintiff and in favor of Flagstar, that the Court enter an order dismissing the Complaint with prejudice, that the Court award Flagstar its costs and attorneys fees, and that the Court award Flagstar any other relief deemed appropriate.

    Respectfully submitted,

    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

    By:   s/Matthew F. Leitman
           Matthew F. Leitman (P48999)
           840 West Long Lake Road, Suite 200
           Troy, Michigan 48098-6358
           Telephone: (248) 267-3294
           Email: Leitman@millercanfield.com
           *Counsel for Defendant*

Dated: September 11, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2009, I electronically filed the foregoing document with the Clerk of the court using the ECF system which sent notification of such filing to the following:

- **Richard H. Ebbott:** mbebbott@sbcglobal.net, mharrison30@aol.com

and hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

None.

                                                        s/Matthew F. Leitman  
                                                        Matthew F. Leitman (P48999)  
                                                        Miller Canfield Paddock & Stone, P.L.C.  
                                                        840 West Long Lake Road, Suite 200  
                                                        Troy, Michigan 48098-6358  
                                                        Telephone: (248) 267-3294  
                                                        Email: Leitman@millercanfield.com  
                                                        *Counsel for Defendant*

Dated: September 11, 2009