UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY M. HARRISON,
Individually and on behalf of all
Others similarly situated,
     Plaintiff,

v.

FLAGSTAR BANK,
     Defendant.

_____/

Case No. 09-cv-12687-JCO-DAS
Hon. John Corbett O'Meara
Magistrate Judge Donald A. Scheer

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY STIPULATED AND AGREED by and between Ray M. Harrison ("Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated, with the assistance and approval of Class Counsel, on the one hand, and Flagstar Bank, a federal savings bank headquartered in Troy, Michigan ("Defendant" or "Flagstar"), with the assistance of its counsel of record, on the other hand, as set forth below.

### INTRODUCTION

This Class Action Settlement Agreement and all associated exhibits or attachments is made for the sole purpose of consummating settlement of the Lawsuit on a class basis. The Settlement Agreement is made in full compromise and release of all disputed claims. Because the Lawsuit was pled as a putative class action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Settling Parties enter into this Settlement Agreement on a conditional basis only. In the event that the Court does not execute and enter the Final Approval Order or in the event that the Final Approval Order does not become final for any reason, the Settlement Agreement shall be deemed null and void ab initio, it shall be of no force or effect whatsoever (except as provided in paragraphs 2.5(D) and 2.9(D) below), it shall not be referred to or utilized for any purpose whatsoever, and the

negotiations, terms and entry of the Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any other applicable law(s).

Defendant denies all of Plaintiff's claims, allegations and contentions as to liability, damages, penalties, interest, fees, restitution and all other forms of relief, and the class action allegations asserted in the Lawsuit. Defendant has concluded that further conduct of the Lawsuit may be protracted and expensive, and that it is desirable that the Lawsuit be fully and finally resolved in the manner and upon the terms and conditions set forth in this Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and among the Class Representative (for himself and the Class Members) and Defendant, with the assistance of their counsel or attorneys of record, that, as among the Settling Parties, including all Class Members, the Lawsuit and the Released Claims shall be finally and fully compromised, settled and released, and the Lawsuit shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions set forth herein.

## RECITALS

WHEREAS, the Lawsuit was commenced by Plaintiff, individually and on behalf of the class of persons defined in the Lawsuit, and is currently pending and unresolved between the Settling Parties;

WHEREAS, in the Lawsuit, Plaintiff alleges that Defendant violated the Electronic Funds Transfer Act 15 U.S.C. §1693 et seq., by failing to provide adequate notice of automated teller machine ("ATM") fees;

WHEREAS, in the Lawsuit, Plaintiff seeks statutory damages, attorneys' fees and costs;

WHEREAS, Defendant denies Plaintiff's claims, denies any liability to Plaintiff or the proposed class, and denies wrongdoing of any kind;

WHEREAS, Plaintiff and Defendant agree that it is desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth herein to avoid further expense and uncertain, burdensome and potentially protracted litigation, and to resolve all claims that have been or could have been asserted by Plaintiff and the Settlement Class;

WHEREAS, the Settling Parties have engaged in extensive arms-length settlement negotiations;

WHEREAS Class Counsel represents that he has conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Lawsuit

and has concluded, taking into account the benefits that Plaintiff and the Settlement Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable, and adequate and in the bests interests of Plaintiff and the Settlement Class Members; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is hereby stipulated and agreed by and between Plaintiff and Defendant that the claims of Plaintiff and the Settlement Class be and are hereby compromised and settled, subject to the approval of the Court, upon the terms and conditions set forth below.

## DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    "ATM at Issue" means the automated teller machine operated by Defendant at 5105 Highland Road, Waterford, Michigan 48327-1915.

1.2    "Claim Form" means the form attached hereto as Exhibit A.

1.3    "Class Counsel" means Geoffrey Bestor, Esq.

1.4"   Class Member" means a person who is a member of the Settlement Class.

1.5    "Class Notice" means the notice to be approved by the Court as set forth in paragraph 2.5 below.

1.6    "Class Period" means June 28, 2008 through June 27, 2009.

1.7    "Class Settlement Administrator" means the third party jointly designated by Class Counsel and Flagstar to process Claims Forms and distribute the Settlement Fund as set forth in paragraph 2.9(A) below.

1.8    "Court" means the United States District Court for the Eastern District of Michigan.

1.9    "Effective Date" means the date on which the Final Approval Order becomes Final.

1.10    "Fairness Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of the Settlement Agreement pursuant to class action procedures and requirements; and (ii) entering a Final Approval Order.

1.11    "Flagstar" means Flagstar Bank, a federal savings bank headquartered in Troy, Michigan.

1.12    "Flagstar Releasees" means Flagstar (and each of its current and former parents, subsidiaries, officers, directors, managers, shareholders, employees, predecessors, successors, assigns, affiliates, investors, insurers, agents and attorneys).

1.13   "Final" means the later of (i) the date of expiration for the time for noticing an appeal from the Final Approval Order; or (ii) the date of final affirmance or dismissal of the last pending appeal if an appeal is noticed.

1.14   "Final Approval Order" means an order to be entered by the Court entitled "Final Approval Order," substantially in the form attached hereto as Exhibit F.

1.15   "Lawsuit" means the lawsuit styled Ray M. Harrison v. Flagstar Bank, currently pending in the Court as case no. 5:09-cv-12687-JCO-MKM.

1.16   "Participating Claimant" means each Class Member who properly and timely submits a Valid Claim Form in response to the Class Notice.

1.17   "Preliminary Approval Date" means the date on which the Court enters a Preliminary Approval Order.

1.18   "Preliminary Approval Order" means an order to be entered by the court, entitled "Preliminary Approval Order," substantially in the form attached hereto as Exhibit E.

1.19   "Released Claims" mean, collectively, any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, against the Flagstar Releasees, or any of them, that accrued at any time on or prior to the Preliminary Approval Date for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys fees, litigation costs, restitution or equitable relief, based on any and all claims in any way related to Defendant's alleged failure to provide adequate notice of ATM fees at the ATM at Issue.

1.20   "Settlement Agreement" means this Settlement Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement among them and which is subject to Court approval.

1.21   "Settlement Class" means the conditional class that the Settling Parties have consented to for purposes of settlement only, as described in paragraph 2.1 below.

1.22   "Settlement Fund" means the fund described in paragraph 2.3 below.

1.23   "Settling Parties" or "Parties" means Plaintiff and Defendant, and/or their respective representatives and attorneys.

1.24   "Valid Claim Form" means a Claim Form that is completed, signed under penalty of perjury, and timely returned to the Class Settlement Administrator, postmarked within forty five (45) days after the date of entry of the Preliminary Approval Order.   Upon its receipt of any Claim Form, the Class Settlement Administrator shall promptly provide a copy thereof to Plaintiff's and Defendant's counsel.  Plaintiff and Defendant shall have the right to verify, prior to any payment to a

Claimant, that each Claim Form submitted is valid in that it reflects use of the ATM at issue during the Class Period and for which usage the Class Member was charged a usage fee by Defendant. Either Party challenging any claim shall apprise the other Party of the challenge, and the Settling Parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim. If the Settling Parties are unable to resolve such a challenge, the Settling Parties shall submit the challenge to the Court for resolution. The Settling Parties shall each bear their own respective costs associated with any such challenge.

## TERMS AND CONDITIONS

2.1    The Settlement Class.  The Settling Parties stipulate to certification of the following class for settlement purposes only:

All persons who, from June 28, 2008 through June 27, 2009, were charged a transaction fee for making a withdrawal from a personal (not business) account through use of the automated teller machine operated by Flagstar Bank at 5105 Highland Road, Waterford, Michigan 48327-1915.

2.2    Plaintiff's counsel warrant and represent that they are not aware of any clients or potential clients, and do not have any clients or potential clients, with current claims against Flagstar with regard to any EFTA claims, other than clients or potential clients who would be members of the instant proposed Settlement Class.

2.3    Escrow Amount.  Within 21 days after a Preliminary Approval Order is entered (see paragraph 2.7 below), Defendant shall pay forty-five thousand seven hundred and fifty dollars ($45,750.00) to the Settlement Class Administrator, which will be deposited into an escrow account for the benefit of Plaintiff, the Settlement Class, and Class Counsel, and which will constitute the Escrow Amount. Flagstar shall not be required to pay any amounts pursuant to this Agreement other than the Escrow Amount. The Escrow Amount shall be disbursed as follows:

A.    Settlement Fund.  The Settlement Fund shall be thirty-five thousand dollars ($35,000.00). Costs of notice (see paragraph 2.5 below) and settlement administration (see paragraph 2.9 below) shall be paid from the Settlement Fund at the time such expenses are incurred.

B.    Class Recovery.  After the Effective Date, the amount remaining in the Settlement Fund after deducting the amount set forth in paragraph 2.3(A) above shall be divided pro rata among Participating Claimants who are entitled to payment pursuant to paragraph 1.24 above; provided, however, that no Class Member shall receive payment from the Settlement Fund in an amount to exceed two hundred and fifty dollars ($250.00). Each Class Member shall be eligible to receive only one pro rata payment, regardless of whether that Class Member used the ATM at Issue multiple times.

C.    Reverter.  Money remaining in the Settlement Fund, if any, after payments are made pursuant to paragraphs 2.3(A) and 2.3(B) above, shall be returned to Defendant within thirty (30) days after determination and final payment of all such amounts.

D.     Payment to Class Representative. After the Effective Date, Class Representative shall receive two thousand dollars ($2,000.00) from the Escrow Amount for his individual claim and as an incentive award for his services as Class Representative. Defendant agrees not to object to the Court awarding this amount to Class Representative.

E.     Payment to Class Counsel. After the Effective Date, Class Counsel shall receive eight thousand seven hundred and fifty dollars ($8,750.00) of the Escrow Amount in full satisfaction of all reasonable attorneys' fees and costs. This payment is subject to Court Approval and Defendant agrees not to object to the Court awarding this amount to Class Counsel.

F.     Refund of Escrow Amount in the Event the Settlement Agreement is Not Implemented. In the event that this Agreement does not receive final approval from the Court, or if an entered Final Approval Order does not become "Final" as defined in paragraph 1.13, or if Flagstar exercises its right to rescind the Agreement pursuant to paragraph 2.6(A) below, then the funds remaining in the Escrow Amount at the time the Agreement is rejected by the Court, or at the time Flagstar rescinds the Agreement, less any accrued but unpaid fees relating to Class Notice and administration, shall be refunded to Flagstar.

2.4     Release.

A. ˙   General Release by Plaintiff to Flagstar. Except for the obligations created by this Settlement Agreement, upon the Effective Date, Plaintiff, for himself and his spouse, heirs, executors, administrators, and assigns, hereby remises, releases and forever discharges the Flagstar Releasees from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind whatsoever in law or equity, whether known or unknown, arising out of the use of any Flagstar ATM or any other facts supporting the Complaint, from the beginning of time to the date this Agreement is signed by the Plaintiff.

B.     Limited Release by Class to Flagstar. Except for the obligations created by this Settlement Agreement, upon the Effective Date, each Class Member that has not excluded himself or herself from the Class (for themselves and their respective current and former heirs, executors, administrators, controlled companies, partners, employees , assigns, agents and attorneys) remises, releases and forever discharges the Flagstar Releasees from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown that were brought or that could have been brought by the Lawsuit and waives all rights against the Flagstar Releasees with respect to any and all actions, causes of action, claims, counterclaims, breaches, controversies, demands, damages, expenses, losses, costs, attorneys' fees, court costs, loss of income, loss of value or loss of services of any type whatsoever, known or unknown, past or present, whether under foreign or domestic tort or contract law and/or any other foreign or domestic statute, law, regulation, ordinance, certificate of incorporation or by-law relating to the claims made by the Plaintiff in the Lawsuit or related to the Defendant's alleged failure to provide adequate notice of ATM fees at the ATM at Issue.

C.      Limited Release by Flagstar to Plaintiff and Class.  Except for the obligations created by this Settlement Agreement, upon the Effective Date, Flagstar (and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys) remises, releases and forever discharges Plaintiff (and each of his respective current and former heirs, executors, administrators, assigns, agents and attorneys) from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution, and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, arising from the investigation, filing or prosecution of the Lawsuit.

2.5     Class Notice.  If, by entering the Preliminary Approval Order, the Court provides authorization to provide the Class Notice to Class Members, the Settling Parties will cause Class Notice to be given as follows:

A.      Publication.  Notice to the Settlement Class shall be published by Class Counsel, within 14 days after entry of a Preliminary Approval Order and in the form and substance set forth in Exhibit B hereto, in a single issue of The Oakland Press.  The publication notice shall be a display ad of one-quarter (1/4) page in size.

B.      Posted Notice.  Notice to the Settlement Class shall be posted by Flagstar, starting no later than 14 days after the Preliminary Approval Order is entered and continuing for a period of 30 days, but no more than 30 days after initial posting, on the ATM at Issue in the form substantially set forth in Exhibit C hereto.  The notice shall be contained on a single piece of paper that is laminated to protect it against the elements.  The notice shall be at least the same size as, but is not required to be any larger than, the fee notice currently posted on the ATM at Issue.  Flagstar shall be responsible for checking the ATM at Issue only once per day during the 30 day period to ensure that the notice remains intact.  Class Counsel or their designee may monitor the posting of the notice, but in so doing shall not in any way interfere with the maintenance or commercial use or operation of the ATM at Issue.

C.      Website.  Notice to the Settlement Class shall be posted, starting no later than 14 days after a Preliminary Approval Order is entered and continuing to the last date for Class Members to Opt-Out, on the internet at www.ATMclasssettlement.com in the form and substance set forth in Exhibit D hereto.

D.      Costs.  Costs of notice set forth in this paragraph 2.5 shall be paid from the Settlement Fund; provided, however, that if this Agreement is terminated pursuant to its terms or if the Court does not approve this Agreement, the costs of notice already incurred shall not be refunded to Defendant.

2.6     Opt-Out/Exclusion/Right to Object/Participation.

A.      Opt-Out/Exclusion.  Any Class Member, except Plaintiff, may seek to be excluded from this Settlement Agreement and from the Settlement Class as detailed in the Class Notice and within the time and in the manner provided by the Court.  Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement and shall not be entitled to any of its benefits.  If more than 50 class members opt-

out/exclude themselves from this Agreement, Flagstar shall have the right, in its sole discretion, to rescind this Agreement and to demand the return of the remaining Settlement Fund pursuant to paragraph 2.3(C).

B.     Objection. Any Class Member, except Plaintiff, may object to the terms of this Settlement Agreement by submitting a writing in the manner provided by the Preliminary Approval Order postmarked within 45 days after entry of that order. Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs. Class Counsel and counsel of record for Defendant must also be served with copies of any objections promptly upon receipt. The Class Notice shall advise Settlement Class Members of this option. Any objections must be in writing and timely submitted or else they are waived.

2.7     Preliminary Approval Order. As soon as practicable after execution of this Settlement Agreement, Plaintiff and Defendant shall seek an order from the Court that:

A.     preliminarily approves this Settlement Agreement;

B.     conditionally certifies for purposes of settlement the Settlement Class;

C.     schedules a hearing for final approval of this Settlement Agreement by the Court; and

D.     approves the form and manner of Class Notice as set forth in paragraph 2.4 herein and finds that such notice satisfies the requirements of due process pursuant to Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable laws and finds that no further notice to the Settlement Class is required.

The Settling Parties agree to request the form of Preliminary Approval Order attached hereto as Exhibit E. The fact that the Court may require changes in the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.8     Final Approval Order. At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing, Class Counsel and the attorney(s) of record for Defendant will jointly request that the Court enter a Final Approval Order approving the terms of this Settlement Agreement as fair, reasonable and adequate; providing for the implementation of its terms and provisions; finding that the Class Notice given to the Settlement Class satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure 23, the United States Constitution and any other applicable law; dismissing the claims of Plaintiff and the Settlement Class with prejudice and without costs; and retaining exclusive jurisdiction to enforce the terms of the Final Approval Order attached hereto as Exhibit F. The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.9     Administration of Class Benefits.

A.     Class Settlement Administration. Class Counsel and Flagstar shall either agree upon procedures for joint administration of the class settlement or shall jointly designate a third-party class settlement administrator ("Class Settlement Administrator") to process Claim Forms and to distribute the Settlement Fund as described in paragraph 2.3

above. In the event that the parties cannot agree upon a Class Settlement Administrator, they shall present that issue to the Court for final determination. The Settlement Fund shall be distributed within 60 days of the Effective Date, subject to any extension allowed by paragraph 2.9(C) below.

B.      Eligibility. If the Class Settlement Administrator receives an incomplete or otherwise improperly filled out Claim Form that is otherwise timely submitted, the Class Settlement Administrator shall contact the claimant and seek such information as is needed to correct the deficiency. If the deficiency cannot be corrected by the Class Settlement Administrator, the Class Counsel and Defendant's attorneys shall jointly determine whether the claimant is eligible to receive any of the benefits described in paragraph 2.3, of if they cannot agree upon such a determination in good faith, then the Court shall determine whether the claimant is entitled to the relief requested.

C.      Extension for Distribution. If the Class Settlement Administrator, in its sole discretion, is required to obtain a W-9 form(s) from a Participating Claimant(s), then the Class Settlement Administrator shall have 60 days from the date of receipt of a completed W-9 form to distribute the portion of the Settlement Fund designated for such Participating Claimant(s).

D.      Costs. The Class Settlement Administrator shall be paid from the Settlement Fund; provided, however, that if this Agreement is terminated pursuant to its terms or if the Court does not approve this Agreement, the amount already paid to the Settlement Class Administrator shall not be refunded to the Defendant.

2.10    Release of Attorney's Liens. In consideration of this Settlement Agreement, Class Counsel hereby waives, discharges and forever releases Defendant from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the Lawsuit; provided, however, that this release is conditioned upon Final Approval of this Settlement Agreement by the Court and full performance by the Defendant of its obligations under this Settlement Agreement.

2.11    No Admission of Liability. Whether or not this Settlement Agreement is consummated, this Settlement Agreement and all proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession by Defendant of any liability or wrongdoing whatsoever.

2.12    Best Efforts. The Settling Parties and their respective counsel agree to cooperate fully with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the consummation of this Settlement Agreement.

2.13    Notices. Notices regarding this Settlement Agreement directed to Plaintiff and/or the Settlement Class shall be sent to:

GEOFFREY BESTOR, ESQ.
4204 Maple Terrace
Chevy Chase, MD 20815
Tel. (240) 463-8503
Email: gbesq@bestorlaw.com

Notices to Defendant shall be sent to:

MILLER CANFIELD PADDOCK & STONE, P.L.C.

By: David D. O'Brien
101 N. Main St., 7th Floor
Ann Arbor, Michigan 48104
Telephone: (734) 668-7761
Fax: (734) 747-7147
Email: obrien@millercanfield.com

The persons and addresses designated in this paragraph may be changed with written notice to the other signatories hereto.

2.14    No Other Fees.  Except as provided for in paragraph 2.3 above, no fees or expenses will be sought or paid to any party or counsel in this lawsuit from the Escrow Amount.

2.15    Counterparts.  This Settlement Agreement may be signed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies, facsimiles or scanned copies of the signature pages of this Settlement Agreement may be treated as originals.

2.16    Binding Agreement.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff and each Class Member and each of their respective and current and former heirs, executors, administrators, assigns, agents and attorneys, all of whom/which persons and entities are intended to be beneficiaries of this Settlement Agreement.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Defendant and each of its current and former heirs, executors, administrators, assigns, agents and attorneys.  There are otherwise no third-party beneficiaries of this Settlement Agreement.

2.17    Governing Law.  This Settlement Agreement (and any exhibits hereto) shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed in the State of Michigan, and the rights and obligations of the Settling Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of Michigan without giving effect to that State's choice of law principles.

2.18    Retention of Jurisdiction.  The Court shall retain jurisdiction to implement and to enforce the terms of this Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

2.19    Interpretation.  The Settling Parties acknowledge that they have had an equal opportunity to participate in the drafting of this Settlement Agreement and that each Party and its counsel reviewed and negotiated the terms and provisions of this Settlement Agreement and have contributed to its revisions.  Therefore, in any dispute over the construction or interpretation of this Settlement Agreement, the Settling Parties agree and understand that the Settlement Agreement shall be construed fairly as to all Settling Parties and shall not be construed against any Party on the basis of

authorship. The Settling Parties further agree that in this Settlement Agreement the singular shall include the plural and vice versa where the content so requires.

2.20   Entire Agreement. The Settlement Agreement constitutes the entire agreement of the Settling Parties hereto as to the matters raised herein. The undersigned acknowledge that there are no communications or oral understandings contrary to, in addition to, or different from the terms of this Settlement Agreement and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded and merge into this Settlement Agreement and shall have no effect. This Settlement Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Settling Parties and their respective counsel.

2.21   Authority. The persons signing this Settlement Agreement hereby represent and warrant that they have read this Settlement Agreement, that they know and understand its terms, that they have consulted with counsel with respect hereto, that they have signed this Settlement Agreement freely, and that they intend that they and/or any person or entity on whose behalf they are signing this Settlement Agreement will be fully bound by all terms and provisions of this Settlement Agreement. Such persons further represent and warrant that they are competent to sign this Settlement Agreement and that, as necessary, all corporate or other legal formalities have been followed such that they have full authority to execute this Settlement Agreement on behalf of the person or entity for whom or for which they are signing the Settlement Agreement in a representative capacity.

2.22   Headings.   The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.23   Severability.   In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby.

IN WITNESS WHEREOF, the Settling Parties hereto have so agreed effective September 17, 2010:

Ray M. Harrison
Plaintiff and Class Representative

By:   _____
        Ray M. Harrison

Approved as to form by:

GEOFFREY BESTOR, ESQ.

By: _____
        Geoffrey Bestor
        4204 Maple Terrace
        Chevy Chase, MD 20815
        Tel. (240) 463-8503
        Fax: (866) 278-2973

Email: gbesq@bestorlaw.com

Counsel for Plaintiff

FLAGSTAR BANK

By: _Karyn A. Caldwell_
      Karyn A. Caldwell
      Vice President
      Associate General Counsel

Approved as to form by:

MILLER CANFIELD PADDOCK & STONE, P.L.C.

By: _____
      David D. O'Brien
      101 N. Main St., 7th Floor
      Ann Arbor, Michigan 48104
      Telephone: (734) 668-7761
      Fax: (734) 747-7147
      Email: obrien@millercanfield.com

Counsel for Defendant

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**CLAIM FORM**

**Note: This Claim Form must be completely filled out and submitted on-line (or post-marked, if mailed) to the Settlement Administrator by _____, 2010:**

Settlement Administrator

_____

c/o Ray M. Harrison v. Flagstar Bank project

_____

_____

   I affirm under penalties of perjury that I used the Flagstar Bank ATM located at 5105 Highland Road, Waterford, Michigan 48327-1915 between June 28, 2008 and June 27, 2009 to access and withdraw funds from a personal (not business) account, and was charged a transaction fee for the use of that ATM. I therefore believe I am a member of the Settlement Class described in the class notice and want to receive my share of the Settlement Fund.

Signature:       _____

Printed Name:     _____

Address:       _____

          _____

Telephone No.     _____

First Four Digits and Last
Four Digits of Card Number
Used in Transaction:    _____

Name in Which Account
Accessed by Card Is Held:   _____

Name of Financial
Institution that Issued
Card Used in Transaction:   _____

**Submission of this Claim Form does not guarantee that you will receive payment, as the information on any Claim Form is subject to validation and verification by Flagstar Bank. If any Claim Form is found to include inaccurate information, no payment will be made to the party submitting the Claim Form. All requested information is necessary to constitute a valid claim.**

**Exhibit B**

**FLAGSTAR BANK ATM**
**NOTICE OF CLASS ACTION SETTLEMENT**
**Harrison v. Flagstar Bank, Case No. 5:09-cv-12687-JCO-MKM**

**IF YOU USED THE FLAGSTAR BANK ATM REFERENCED IN THE NEXT PARAGRAPH BETWEEN JUNE 28, 2008, AND JUNE 27, 2009, AND WERE CHARGED A FEE FOR THE USE OF THAT ATM, YOU MAY BE A CLASS MEMBER.  THIS SETTLEMENT MAY AFFECT YOUR RIGHTS.  FOR MORE INFORMATION, VISIT WWW.ATMCLASSSETTLEMENT.COM, OR CONTACT THE SETTLEMENT ADMINSTRATOR AT _____ OR CLASS COUNSEL GEOFFREY BESTOR AT (240) 463-8503.**

This Notice relates only to one (1) specific Flagstar Bank ATM, located at 5105 Highland Road, Waterford, Michigan 48327-1915, and concerns a lawsuit filed by Ray M. Harrison about the charging of fees at this ATM.  Mr. Harrison sued Flagstar Bank under a law called the Electronic Funds Transfer Act on the grounds that the ATM did not have an externally posted fee notice.  Flagstar Bank denies Mr. Harrison's claims but has agreed to a settlement of the case.

The settlement includes everyone who was charged a fee for using the ATM to access a personal (not business) account between June 28, 2008 and June 27, 2009.  These people are called "Class Members," and the time period that is covered is called the "Class Period."  Under the law, the maximum that a group of people may recover in a case like this one is the lesser of 1% of Flagstar Bank's net worth or $500,000, plus any actual damages that the class members suffered.  Flagstar has stated that during the Class Period, there were approximately 2,905 transactions involving an estimated 1,600 different cardholders who were charged ATM fees at the subject ATM(s) during the Class Period.  Flagstar Bank has agreed to establish a Settlement Fund of $45,750.00 to settle the case.  Class Members may make a claim on the Settlement Fund to receive a pro rata share, up to a maximum of $250.00.  Class counsel believes that a settlement allowing Class Members to make a claim for up to $250.00 is fair and reasonable.  The Settlement Fund will also be used to pay the costs of notifying Class Members of the Settlement and to process their claims, the lawyers who filed the lawsuit their reasonable attorney fee, not to exceed $8,750.00, and Mr. Harrison $2,000.00 for his services as the class representative.

On _____, 2010 at _____, Judge John C. O'Meara of the United States District Court for the Eastern District of Michigan will hold a hearing to decide whether to finally approve this settlement.  YOU DO NOT NEED TO ATTEND.  If the settlement is approved, all Class Members will be bound by the resting judgment and court orders, and eligible Class Members will be entitled to claim benefits under the settlement.  All Class members have the right to obtain counsel in order to object to this settlement agreement.  IF YOU ARE A CLASS MEMBER AND FAIL TO OPT OUT OF THIS SETTLEMENT AGREEMENT IT WILL BECOME BINDING UPON YOU.

You have three choices:

(1) If you want to receive your pro rata share of the Settlement Fund, up to a maximum of $250.00, you must submit a completed Claim Form on-line (or mail, with postmark) by _____, 2010, to the Settlement Administrator at _____.  Failure to submit a Claim Form will mean you receive no money but are still governed by a Release of your rights to sue Flagstar Bank for the ATM

fee notice claims raised in this Lawsuit.   You may submit or download a Claim Form at www.ATMclasssettlement.com or call the Settlement Administrator at _____ to request a Claim Form.

(2) If you do not want to participate in the Settlement and want to retain any right you may have to pursue your claim separately, you must write a letter stating "EXCLUDE ME FROM THE HARRISON V. FLAGSTAR BANK SETTLEMENT."  Include your name and address and mail the letter to the Settlement Administrator at _____.   Your letter must be postmarked by _____, 2010 to be valid.

(3) If you think the Settlement is unfair, you may object to it by writing a memo stating the specific reasons for your objection and filing it with the Court at _____ on or before _____, 2010 and sending a copy to Class Counsel at 4204 Maple Terrace, Chevy Chase, MD 20815 and to David O'Brien, counsel for Flagstar Bank, at Miller, Canfield, Paddock and Stone, P.LC., 101 N. Main St., 7th Floor, Ann Arbor, MI 48104.

For more information, visit www.ATMclasssettlement.com or contact the Settlement Administrator at _____ or Class Counsel Geoffrey Bestor at (240) 463-8503.

**DO NOT CONTACT THE COURT FOR INFORMATION**
**AS IT WILL NOT BE ABLE TO ASSIST YOU**

**Exhibit C**

## NOTICE OF SETTLEMENT

**If you used this ATM anytime between JUNE 28, 2008 and JUNE 27, 2009, and you were charged a transaction fee for making one or more withdrawals, you may be entitled to compensation. To find out more, visit www.ATMclasssettlement.com or call the Settlement Administrator at _____ or class counsel Geoffrey Bestor at (240) 463-8503.**

**Exhibit D**

**Harrison v. Flagstar Bank**
**CLASS ACTION SETTLEMENT INFORMATION**

Welcome to the settlement information website for Harrison v. Flagstar Bank. This website describes the case and the settlement between Ray M. Harrison ("Plaintiff") and Flagstar Bank ("Defendant").

We have tried to design this website to help you get information about the proposed settlement of this case. If necessary, however, for further information you can also contact the Settlement Administrator at _____ or Class Counsel at:

> GEOFFREY BESTOR, ESQ.
> 4204 Maple Terrace
> Chevy Chase, MD 20815
> Tel. (240) 463-8503
> Email: gbesq@bestorlaw.com

**DO NOT CONTACT THE COURT FOR INFORMATION.**

This case is currently pending in the United States District Court for the Eastern District of Michigan as Case No. 5:09-cv-12687-JCO-MKM. The judge is the Honorable John C. O'Meara. To see a copy of the Complaint, click here.

In the Lawsuit, Plaintiff alleges that Defendant violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 et seq., by failing to provide adequate notice of automated teller machine ("ATM") fees at a single ATM located at 5105 Highland Road, Waterford, Michigan 48327. To see a copy of the class action publication notice, click here. To see which ATM allegedly violated the EFTA, click here.

Defendant denies Plaintiff's claims of wrongdoing but has agreed to settle all claims against it to avoid the expense of continued legal proceedings. To see a copy of the Settlement Agreement, click here.

The Court has certified a class for settlement purposes and preliminarily approved a class action settlement of this case. To see a copy of the Preliminary Approval Order, click here.

The links below provide information about who is a Class Member, the terms of the Settlement Agreement, and how Class Members can participate in, object to, or exclude themselves from, the class action settlement of this case.

**IF YOU ARE A CLASS MEMBER AND FAIL TO OPT OUT OF THIS SETTLEMENT AGREEMENT IT WILL BECOME BINDING UPON YOU. FURTHERMORE, YOU HAVE THE RIGHT TO OBTAIN COUNSEL IN ORDER TO OBJECT.**

**All Potential Class Members**

To find out if you are a Class Member, click here.

If you want to receive money from the Settlement Fund, click here.

If you do not want to be a Class Member (or receive any money from the Settlement Fund). click here.

If you want to object to the settlement of this case as a class action or to the terms of the Settlement Agreement, click here.

**Exhibit E**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1. Solely for purposes of settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3): All persons who, from June 28, 2008 to June 27, 2009, were charged a transaction fee for making withdrawal(s) from a personal (not business) account using the automated teller machine operated by Flagstar Bank at 5105 Highland Road, Waterford, Michigan 48327-1915.

2. Based on the parties' stipulations, and for settlement purposes only: (a) the class defined is sufficiently numerous such that joinder is impracticable; (b) common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not the absence of an externally posted fee notice at the ATM machine identified above violated the requirements of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq.; (c) the claim of Plaintiff Ray M. Harrison is typical of the Class Members' claims; (d) Plaintiff Ray M. Harrison is an appropriate and adequate representative for the Class and his attorney, Geoffrey Bestor, is hereby appointed as Class Counsel; and (e) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

3. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it. In the event that the proposed settlement is not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement, retain its right to contest certification of the Class and assert any other defenses that it may wish to raise, whether procedural or on the merits.

4.  The Court approved the proposed forms of notice to the Class, and directs that notice be implemented in accordance with paragraph 2.5 of the Settlement Agreement. Class Counsel will file an affidavit with the Court, at least 5 business days prior to the Fairness Hearing, attesting that notice has been so given.

5.  The Court finds that the notice proposed in paragraph 2.5 of the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6.  Class Members shall have forty five (45) days after today's date to send in a claim form, opt out or object to the proposed Settlement Agreement.

7.  Any Class Member who wants to receive a monetary portion of the Settlement Fund shall file a Claim Form, which will be available for download at www.ATMclasssettlement.com or by contacting the Settlement Administrator or Class Counsel. To be timely, a Claim Form must be submitted on-line, or mailed to the Settlement Administrator and postmarked, within 45 days after today's date.

8.  Any Class Member who desires to exclude himself or herself from the Class shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and postmarked within 45 days of today's date. To be effective, the request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN RAY M. HARRISON V. FLAGSTAR BANK." The request for exclusion must also contain the excluded Class Member's name, address and signature.

9.  Any Class Member who objects to the Settlement contemplated by the Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for objection, postmarked no later than 14 days before the Fairness

Hearing.  Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than 5 days prior to the Fairness Hearing.

     10.  A Fairness Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on _____ at _____ a.m./p.m.

SO ORDERED:

_____
John C. O'Meara
United States District Judge

**Exhibit F**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

### [PROPOSED] FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiff, the Class Members and Defendant for final approval of the Class Action Settlement Agreement and Release (the "Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS:**

(1) The Court has jurisdiction over the subject matter of this Lawsuit, the Class Representative, the Class Members and Defendant;

(2) Notice was given to the Class pursuant to paragraph 2.6 of the Class Action Settlement Agreement and Release in this matter;

(3) The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

(4) _____ Members of the Settlement Class opted out of the Settlement Agreement;

(5) _____ Members of the Settlement Class objected to the Settlement Agreement;

(6) The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B. That the Settlement Agreement, including the Limited Release from the Class Members to Flagstar Bank contained therein, is finally approved and the Parties shall implement it pursuant to its terms;

C.  That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice this Lawsuit, all claims contained therein and all Released Claims;

D.  That this Court reserves exclusive and continuing jurisdiction and venue with respect to consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement Agreement or Judgment;

E.  That, except as otherwise provided in the Settlement Agreement or herein, the Parties are to bear their own attorneys' fees and costs; and

F.  That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability based upon the Released Claims.

**SO ORDERED** this ___ day of _____, 2010.


_____
John C. O'Meara
United States District Judge

18,286,252.4\107617-00061