UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY M. HARRISON,  
Individually and on behalf of all  
Others similarly situated,

Case No. 09-cv-12687-JCO-DAS

Hon. John Corbett O'Meara

      Plaintiff,

v.

FLAGSTAR BANK,

      Defendant.

_____/

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1.  Solely for purposes of settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):  All persons who, from June 28, 2008 to June 27, 2009, were charged a transaction fee for making withdrawal(s) from a personal (not business) account using the automated teller machine operated by Flagstar Bank at 5105 Highland Road, Waterford, Michigan 48327-1915.

2.  Based on the parties' stipulations, and for settlement purposes only:  (a) the class defined is sufficiently numerous such that joinder is impracticable; (b) common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not the absence of an externally posted fee notice at the ATM machine identified above violated the requirements of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq.;

(c) the claim of Plaintiff Ray M. Harrison is typical of the Class Members' claims; (d) Plaintiff Ray M. Harrison is an appropriate and adequate representative for the Class and his attorney, Geoffrey Bestor, is hereby appointed as Class Counsel; and (e) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

3. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it. In the event that the proposed settlement is not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement, retain its right to contest certification of the Class and assert any other defenses that it may wish to raise, whether procedural or on the merits.

4. The Court approved the proposed forms of notice to the Class, and directs that notice be implemented in accordance with paragraph 2.5 of the Settlement Agreement. Class Counsel will file an affidavit with the Court, at least 5 business days prior to the Fairness Hearing, attesting that notice has been so given.

5. The Court finds that the notice proposed in paragraph 2.5 of the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6. Class Members shall have forty five (45) days after today's date to send in a claim form, opt out or object to the proposed Settlement Agreement.

7. Any Class Member who wants to receive a monetary portion of the Settlement Fund shall file a Claim Form, which will be available for download at www.ATMclasssettlement.com or by contacting the Settlement Administrator or Class Counsel. To be timely, a Claim Form must be submitted on-line, or mailed to the Settlement Administrator and postmarked, within 45 days after today's date.

     8. Any Class Member who desires to exclude himself or herself from the Class shall not be bound by the Settlement and shall not be entitled to any of its benefits.  To be timely, a request for exclusion must be sent to the Settlement Administrator and postmarked within 45 days of today's date.  To be effective, the request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN RAY M. HARRISON V. FLAGSTAR BANK."  The request for exclusion must also contain the excluded Class Member's name, address and signature.

     9. Any Class Member who objects to the Settlement contemplated by the Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for objection, postmarked no later than 14 days before the Fairness Hearing.  Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than 5 days prior to the Fairness Hearing.

     10.  A Fairness Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on <u>August 2, 2011 at 2:00 p.m.</u>

     SO ORDERED.

Date: May 20, 2011                                                s/John Corbett O'Meara
                                                                     United States District Judge

     I hereby certify that a copy of this order was served upon counsel of record on this date, May 20, 2011 using the ECF system.

                                                                                s/William Barkholz
                                                                                Case Manager